NOT DESIGNATED FOR PUBLICATION

No. 118,514

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

CALEB WADE OSBORN,
*Appellant*.


MEMORANDUM OPINION

Appeal from Ford District Court; E. LEIGH HOOD, judge. Opinion filed June 22, 2018. Affirmed.

Submitted for summary disposition pursuant to K.S.A. 2017 Supp. 21-6820(g) and (h).

Before MALONE, P.J., LEBEN and POWELL, JJ.


PER CURIAM: Caleb Wade Osborn appeals the district court's decision revoking his probation and ordering him to serve his underlying prison sentence. We granted Osborn's motion for summary disposition in lieu of briefs pursuant to Kansas Supreme Court Rule 7.041A (2018 Kan. S. Ct. R. 47). The State has filed no response.

On April 7, 2016, Osborn pled no contest to possession of methamphetamine in Ford County case no. 16CR161. The district court sentenced Osborn to 15 months' imprisonment and granted 18 months of mandatory drug treatment probation.

On two separate occasions, the district court extended Osborn's probation and imposed jail and prison sanctions after he admitted to violating the terms of his probation. At later hearings, Osborn admitted to violating the terms of his probation by committing

1

new crimes. At a hearing on September 14, 2017, the district court revoked Osborn's probation and ordered him to serve his underlying prison sentence. Osborn appealed.

On appeal, Osborn claims the district court "abused its discretion when it revoked his probation and imposed his underlying prison sentence." Osborn acknowledges that once there has been evidence of a violation of the conditions of probation, the decision to revoke probation rests in the sound discretion of the district court.

The procedure for revoking a defendant's probation is governed by K.S.A. 2017 Supp. 22-3716. Generally, once there has been evidence of a violation of the conditions of probation, the decision to revoke probation rests in the district court's sound discretion. *State v. Gumfory*, 281 Kan. 1168, 1170, 135 P.3d 1191 (2006). An abuse of discretion occurs when judicial action is arbitrary, fanciful, or unreasonable; is based on an error of law; or is based on an error of fact. *State v. Mosher*, 299 Kan. 1, 3, 319 P.3d 1253 (2014). The party asserting the district court abused its discretion bears the burden of showing such an abuse of discretion. *State v. Stafford*, 296 Kan. 25, 45, 290 P.3d 562 (2012). A district court abuses its discretion by committing an error of law in the application of K.S.A. 2017 Supp. 22-3716 when revoking a defendant's probation. See *State v. Still*, No. 112,928, 2015 WL 4588297, at *1 (Kan. App. 2015) (unpublished opinion).

Here, the district court revoked Osborn's probation after finding that he had committed new crimes while on probation. As a result, the district court was not required to impose additional intermediate sanctions in this instance. See K.S.A. 2017 Supp. 22-3716(c)(8). Moreover, Osborn had already violated his probation on two prior occasions for which the district court had imposed jail and prison sanctions, and the court did not have to impose additional intermediate sanctions for the third probation violation. See K.S.A. 2017 Supp. 22-3716(c)(1)(E). The district court's decision to revoke Osborn's probation was not arbitrary, fanciful, or unreasonable, and it was not based on an error of

2

fact or law. Osborn has failed to show that the district court abused its discretion by revoking his probation and ordering him to serve his underlying prison sentence.

Affirmed.